**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4716**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH APPLE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  T. S. Ellis, III, Senior District Judge.  (1:15-cr-00363-TSE-1)

Submitted:  June 30, 2017                                        Decided:  July 21, 2017

Before DIAZ, FLOYD, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Shannon S. Quill, Assistant Federal Public Defenders, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Uzo Asonye, Katherine L. Wong, Assistant United States Attorneys, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Kenneth Apple of conspiracy to defraud the United States, in violation of 18 U.S.C. § 371 (2012) (Count 1); wire fraud, in violation of 18 U.S.C. §§ 1343, 2 (2012) (Counts 2 through 4); obstruction of an official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2), 2 (2012) (Count 6); and making false statements and representations, in violation of 18 U.S.C. §§ 1001, 2 (2012) (Counts 7 through 9). Apple appeals his convictions on Counts 1 through 4. His sole challenge is that the evidence was insufficient to prove that the offenses occurred in the Eastern District of Virginia. The Government asserts that Apple waived any objection by failing to raise the issue of venue in the district court. We agree.

Apple contends that he preserved his claim by making a general motion for judgment of acquittal under Fed. R. Crim. P. 29 at the close of the evidence. He argues that his challenge to the sufficiency of the evidence was sufficient to preserve a challenge to the Government's purported failure to prove venue. However, Apple's arguments are not supported by our precedent.

First, we have noted that venue is not an offense element. *See United States v. Engle*, 676 F.3d 405, 412 (4th Cir. 2012) ("Venue is not a substantive element of a crime." (internal quotation marks omitted)). In addition, we have held that a challenge to venue is waived and unreviewable when a defendant raises it for the first time in a post-trial motion for acquittal. *See, e.g., United States v. Delfino*, 510 F.3d 468, 473 n.2 (4th Cir. 2007) ("Because the Delfinos' improper venue claim was raised in their post-trial motion for judgment of acquittal and/or new trial, we conclude that it was untimely and

2

that the claim is waived"); *United States v. Collins*, 372 F.3d 629, 633 (4th Cir. 2004) ("[I]f an indictment properly alleges venue, but the proof at trial fails to support the venue allegation, an objection to venue can be raised at the close of evidence."). Further, a bare Rule 29 motion for acquittal that does not mention venue waives the venue argument. *See United States v. Knox*, 540 F.3d 708, 716 (7th Cir. 2008). Accordingly, Apple's failure to specifically raise the issue of venue in the district court has waived appellate review.

Thus, we affirm Apple's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*